UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| | ORDER GRANTING DEFEN- DANTS' MOTION FOR SUMMARY JUDGMENT |
| This document relates to: *Grover v. Bayer,* C03-388 | |

Defendants Block Drug Company, Inc. and Bayer Corporation have filed a motion for summary judgment based on this court's June 18, 2003 *Daubert* ruling. Defendant asserts that the plaintiff Frank Grover will be unable to establish that he suffered a stroke or that he ingested a PPA-containing product manufactured by defendants within 72 hours of his alleged injury, both essential elements of his claims. *See* June 18, 2003 Order Granting in Part and Denying in Part MDL Defendants' Motion to Preclude Plaintiffs' Expert Opinions as to General Causation; May 5, 2004 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment.

Defendants have submitted a good volume of evidence supporting their position. In particular, defendants submit deposition testimony of plaintiff's treating physician, who averred that

ORDER
Page – 1 –

tests showed that plaintiff did not suffer a stroke, but a "vertebro-basilar migraine." *See* Dep. of Dr. Johnson Haynes, Jr., 58:21-59:7, Exh. E to Defs.' Motion for Summary Judgment. Defendants also submit evidence, including plaintiff's own testimony, demonstrating that plaintiff did not ingest any Bayer or Block PPA-containing product within 72 hours of the above-outlined injury.

Prior orders of this court have established that a plaintiff must prove ingestion of PPA within 72 hours of a medically documented stroke. Plaintiff, who is proceeding *pro se*, did not respond to this motion. He did, however, file a letter with the court several days before the motion was filed, expressing his desire to move forward with his claims and asking the court for a trial date.

While the court is not unsympathetic to the difficulties of proceeding *pro se*, the court also recognizes that the law requires all plaintiffs - represented or not - to establish certain facts before they are entitled to recovery. At the summary judgment stage, averments unsupported by documentation are insufficient. In this case, plaintiff has failed to demonstrate a genuine issue of material fact as to certain elements of his claims, forfeiting a right to recover thereon.

For the foregoing reasons, defendants' motion for summary judgment is GRANTED and this case is hereby DISMISSED.

DATED at Seattle, Washington this 10th day of January, 2006.

ORDER
Page - 2 -

1
2
          *Barbara J. Rothstein*

          UNITED STATES DISTRICT JUDGE

ORDER
Page - 3 -